**Opinion filed June 28, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00293-CR

_____

**TRAVIS BRYAN HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 50th District Court**

**Knox County, Texas**

**Trial Court Cause No. 3992**

## M E M O R A N D U M   O P I N I O N

Appellant, Travis Bryan Hicks, pleaded guilty to the first-degree felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West 2019). Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for ten years, and assessed a fine of $6,000. The State subsequently filed a motion to adjudicate

Appellant's guilt. The trial court held a contested hearing on the State's motion to adjudicate, found the State's allegations to be true, revoked Appellant's community supervision, and adjudicated Appellant guilty of the charged offense. The trial court assessed Appellant's punishment at imprisonment for sixty years. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and an explanatory letter. Counsel advised Appellant that he had a right to review the record and file a response to counsel's brief. Counsel provided Appellant with a motion for obtaining the records and with contact information for the district clerk, the court reporter, and this court. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The State presented evidence in support of the allegations in the motion to adjudicate. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Further, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App.

2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw and affirm the judgment of the trial court.

PER CURIAM

June 28, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.